THE SOUTHERN MEDICAL COLLEGE *et al. v.* THOMPSON *et al.*

There was no error in denying the interlocutory injunction.
July 17, 1893.                              *Judgment affirmed.*

Petition for injunction. Before Judge RICHARD H. CLARK. Fulton county. May 27, 1893.

The object of the petition was to restrain the defendants from procuring a charter for which they had applied to the superior court, incorporating them under the name of the "Southern Dental College," and from conducting the business contemplated by the proposed charter under that name. It appeared that in 1887, an amendment to the charter of the Southern Medical College was granted, whereby it was constituted a dental college in addition to its powers as a medical college; the application for the amendment and the order granting it containing no statement as to change or modification of name. The plaintiffs made the following allegations: As soon as the same could be done, the dental faculty provided for in said amended charter was elected, and the Southern Dental College as authorized by its charter was organized under that name as a department of dentistry, and has been in successful operation ever since. The Southern Dental College contracted in its said name, advertised therein, became and was known thereby in Georgia and other States. Said dental college is not only named by necessary implication from the recitations of the charter as granted, and the right to the said name is asserted to the same, but it has had the business thereof advertised therein, has used said name with the knowledge and consent of the defendants for six years, has contracted for a large sum of money in the name of the faculty thereof, in the said name binding the defendants by their consent to the payment thereof, in the name of the Southern Dental College as a department of dentistry of So. Med. Col., and has done and carried on its business in said name for six years, and still does so; of all of which the defendants have full knowledge and have given their consent to the same, they themselves having been professors and lecturers and teachers therein. Plaintiffs have a right to the name from long use as a trade name, and any in-

fringement upon it is in violation of their rights. Two of the defendants have resigned from the faculty of said college, not in good faith but in order to injure and damage plaintiffs, and have combined and confederated with the other defendants to defraud, injure and oppress plaintiffs as hereafter stated. The defendants seek to be incorporated as the "Southern Dental College," the identical name given to and used by plaintiffs and some of defendants for the college started as aforesaid, and used for six years. The defendants propose in their application for charter to do business in the city of Atlanta, which is the place of business of plaintiffs' college. There will arise and has already arisen confusion in their correspondence, and the public will be confused and misled into belief that the colleges are the same. Business intended for the present college will be attracted to the new in the following manner: The law and custom of the said dental colleges is, that students will be and are required to attend three sessions of the college before graduation, and the students of the present college will be and are now being induced to attend the new college for graduation on the idea that it is the same college and being conducted by some of the same professors and in the same name, inquiries having been made with that impression; and the new students will be imposed on by being induced to believe that the new college, if incorporated, will be the true one, while the present one is an impostor, notwithstanding the defendants are responsible for its name, have assisted in getting it in debt, and have resigned and left it to break it up by getting a charter for another of same name in same city and for same purposes. The acts threatened by defendants and now being done in procuring the charter and in organizing and establishing the same under the name of the "Southern Dental College," and in running the same in that name in Atlanta, and in canvassing the students of

the present college, are contrary to equity and good conscience under the circumstances, and will and have already injured and damaged the plaintiffs, who are remediless by the strict rules of law, there being no provision in law for objections to the grant of the charter.

The answer sets forth the following: It is not true that any charter has ever been obtained by any one, and especially the Southern Medical College, by amendment or otherwise, authorizing them to use the name of the Southern Dental College, nor that said name was adopted or used by the Southern Medical College; but the name so adopted and used under and by virtue of its charter was, "The Dental Department of the Southern Medical College," under which name it has awarded diplomas, made advertisements, used an official seal, and done all of its official acts. Said college is not now advertised, known or conducted as the Southern Dental College; there is no charter or law authorizing it to conduct business under that name; but it is controlled by the privileges named in its charter wherein the official name is given as the Southern Medical College. It is true that three of the defendants were in the faculty of the dental department of the Southern Medical College until February, 1893, when they tendered their resignations. Before this two of defendants and L. D. Carpenter, one of the plaintiffs, held frequent consultations as to the organization of a dental college in Atlanta, and Carpenter took an active and leading part in said conferences, accompanied respondents to the office of an attorney and employed the attorney to file application for charter as the Southern Dental College. The purpose of organizing said college was to better advance the science of dentistry, dignify the profession, and protect the public against unskilled operators. At all of said meetings the objects and purposes were fully discussed. Carpenter was present and joined in and advocated establishing

said Southern Dental College, and agreed and did become one of the faculty therein when the charter should be obtained. - He well knew that there was no disposition by respondents, or any of them, to injure or damage the plaintiffs; he sent in his resignation at the same time at which defendants tendered theirs, and co-operated with them in all the movements to establish the Southern Dental College: one of the ideas being to have a dental college separate and apart from any other institution, deeming it advantageous to the profession as well as to students. It is absolutely false that any of defendants have attempted to injure, damage or oppress any of plaintiffs; but defendants have acted in the utmost good faith, and have everywhere stated and advertised that the Southern Dental College had no connection with any medical college. It is well known that each of them stand high in the dental profession, and would do nothing contrary to the ethics thereof or to good conscience. They are at a loss to account for the conduct of Carpenter who made affidavit to the facts set out in the petition; and in view of his previous knowledge and conduct, defendants say that he could not truthfully subscribe to the affidavit, and must have signed it without reading it. Plaintiffs are endeavoring to place every obstacle in the way of defendants to prevent them from establishing the dental college, and their motive is that of breaking down competition. There is no disposition or desire on the part of defendants to make the public believe that the colleges are the same. They have expended a large amount of money in advertising, making contracts, and in said name have done many things in a business way, anticipating the granting of their charter by the court. New students are not required to attend three courses at the same college, but can attend two or one course at any college and afterwards complete their course at any other colleges. The Southern Medical College has sev-

eral departments, and all of them are conducted under style of departments and are so advertised, to wit, the Law Department of the Southern Medical College, Pharmaceutical Department of the Southern Medical College, and Dental Department of the Southern Medical College; and this is the only manner in which plaintiffs are authorized to advertise and conduct their business. They have never conducted the college or any department thereof in separate and distinct names, and they are not authorized to conduct the dental department under the style of the Southern Dental College.

There was conflicting evidence, the nature of which is indicated by the foregoing statement.

THOMAS W. LATHAM, for plaintiffs.

WALTER R. BROWN, for defendants.